# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN BURNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:14cv1277 |
| ) | **Electronic Filing** |
| P.F. CHANG'S CHINA BISTRO, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

February 23, 2017

## I. INTRODUCTION

Plaintiff, Shawn Burns ("Burns" or "Plaintiff") filed a five (5) count Complaint alleging: (1) racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, Act, 42 U.S.C. § 2000e, *et seq.* (the "Title VII") (Counts I & II); (2) racial discrimination and retaliation in violation of the Pennsylvania Human Rights Act, 43 Pa. Cons. Stat. Ann. § 925 *et seq.* (the "PHRA") (Counts III & IV); and (3) racial discrimination in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("§ 1981") against Defendant, P.F. Chang's Chinese Bistro, Inc. ("P.F. Chang's" or "Defendant"). P.F. Chang's has filed a motion for summary judgment, Burns has responded and the motion is now before the Court.

Pursuant to the Local Rules of the United States District Court for the Western District of Pennsylvania, P.F. Chang's filed a Concise Statement of Material Facts ("Defendant's CSMF") in support of its motion for summary judgment. *See* LCvR 56(B)(1). Plaintiff's responses to Defendant's CSMF, however, are inappropriate. A party opposing a motion for summary judgment must file:

> A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by

> a. **admitting or denying** whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;
>
> b. **setting forth the basis for the denial** if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material) **with appropriate reference to the record** . . . ;[1] and
>
> c. setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the Court to determine the motion for summary judgment[.]

*See* LCvR 56(C)(1)(emphasis added).

Though Burns responds either "True" or "False" to each enumerated paragraph in Defendant's CSMF, he fails to reference the record for all but one (1) of his denials of Defendant's factual averments or in support of his counter allegations. Courts in this district have strictly applied Local Rule 56 and deemed uncontroverted facts to be admitted. *Cuevas v. U.S.*, C.A. No. 09-43J, 2010 U.S. Dist. LEXIS 42115 *5 (W.D. Pa. Apr. 29, 2010) ("Plaintiff's response to Defendant's Motion does not contain any basis for any . . . denial of a fact and also fails to reference the record for each such denial. . . . [I]t is not for the Court to sort through the entire record to determine the basis of an alleged disputed fact. As Plaintiff has failed to comply with our local rules, Defendant's Statement of Facts as set forth in [its concise Statement of Material Facts] are admitted as true and correct."). Local Rule 56.1(E) sets forth the consequences for failure to comply with L.R. 56.1(C) as follows:

> alleged material facts set forth in the moving party's Concise Statement of
> Material Facts or in the opposing party's Response to Defendant's Concise

---

[1] Pursuant to Local Rule 56(B)(1), a concise statement of material fact must contain a citation "to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance or denial." *See* LCvR 56(B)(1).

2

> Statement of Material Facts, which are claimed to be undisputed, will for the
> purposes of deciding the motion for summary judgment be deemed admitted
> unless specifically denied or otherwise controverted by a separate concise
> statement of the opposing party.

*See* LCvR 56.1(E). Consequently, in accordance with our Local Rules, all factual averments contained in the Defendant's CSMF that are not controverted with proper citations to the record will be deemed admitted for purposes of summary judgment. *Holman v. Hogue*, 2013 U.S. Dist. LEXIS 42770 at *3 (W.D. Pa. Feb. 15, 2013) (citation omitted). .

## II. STATEMENT OF THE CASE

In or around July of 2012, Burns applied for and was offered employment with P.F Chang's as a Pantry Chef. Defendant's CSMF ¶¶ 1 & 3. When Burns commenced his employment, he was provided with a copy of P.F. Chang's Employee Handbook (the "Handbook") which contained an Equal Employment Opportunity policy affirming that P.F. Chang's provided equal employment opportunities (including hiring and promotion) to all employees and applicants for employment without regard to race. Defendant's CSMF ¶¶ 4 & 5. The Handbook also set forth an Anti-Harassment Policy prohibiting both sexual harassment and harassment on the basis of race. Defendant's CSMF ¶¶ 6 & 7.

A complaint procedure was outlined in the Handbook for those who felt harassed or discriminated against. Defendant's CSMF ¶ 9. Further, P.F. Chang's advised employees that if it was determined that an employee was discriminating against or harassing another individual, appropriate disciplinary action would be taken, up to and including termination of employment. Defendant's CSMF ¶ 10. Burns acknowledged receipt of both the Handbook and the Anti-Harassment Policy. Defendant's CSMF ¶¶ 12 & 13.

When Burns was initially hired, he was earning $12.00 per hour. Defendant's CSMF ¶ 15. Though Burns had to be counseled on P.F. Chang's standards and quality in the Fall of 2012, he requested a $1.00 per raise in or around November of 2012. Defendant's CSMF ¶¶ 16 & 17. Burns contends that he was required to take a recipe test before he would be considered for a raise, while white employees who never took the test were given the same raise. Burns Depo pp. 92 & 93. Moreover, Chef Ed Smith ("Smith"), the chef that ran the kitchen, told Burns he would only get fifty cents ($.50) for passing the test and would get another fifty cents ($.50) when he saw Burns complete each recipe. Burns Depo p. 93. Burns challenged Smith on this and Burns received the full dollar raise in December of 2012. *Id*.; Defendant's CSMF ¶ 18.

In March of 2013, Burns contends he complained P.F. Chang's General Manager, Eric Humphreys ("Humphreys"), that Smith was discriminating against him because of his race. Smith allegedly offered to transfer Burns to another P.F. Chang's where Burns would "fit in better with your kind," apparently because there were more black employees at that location. Plaintiff's Appendix ("Pl. Appx."), Ex. 2, ¶ 12. Burns also complained about another cook told Burns he would make him "chicken and watermelon tonight. . .," which Burns perceived as a racial slur. Humphreys did nothing about Burns' complaints. *Id.* On May 4, 2013, Burns received an, "Employee Coaching and Counseling Notice" for telling a manager, Natalie Kazmierczak ("Kazmierczak"), who was inquiring about a long check time, to get out of his face. *See* Defendant's Appendix ("Def. Appx."), Ex. B, PFC000013.

On May 24, 2013, Burns called P.F. Chang's corporate Helpline indicating that he felt he was being discriminated against as he was "passed over for a position, not given hours or [was] asked to meet requirements that others are not . . ." *See* Def. Appx., Ex. B, PFC000021. The call was made directly to Angie Adler ("Adler"), Employee Relations Manager, and was investigated by Louise Rohling ("Rohling"), who visited the P.F. Chang's site on May 28, 2013.

4

Def. Appx. Ex. B, PFC000059. Rohling met with Burns on May 31, 2013, to assure him that the issues had been addressed. *Id.*

In June of 2013, there were two (2) reported incidents of Burns making inappropriate comments to female employees. On or about June 3, 2013, Kazmierczak overheard Burns ask a server, who had requested a salmon rare, "is that all you want rare." Both the server and Kazmierczak thought the remark was sexual in nature. Def. Appx., Ex. B, PFC000009 & PFC000012; Defendant's CSMF ¶¶ 21-24. On or about June 12, 2013, a female employee, Brianna Donnelly, complained that during her first month working Burns had touched her inappropriately, and he recently told her that she looked good and he would like to take her home and "fuck" her. Def. Appx., Ex. B, PFC000008 & PFC000017; Defendant's CSMF ¶¶ 25-26. On June 23, 2013, Burns was again counseled for calling a fellow employee "stupid" and "dumb," in violation of Company policy. Defendant's CSMF ¶ 30. Burns received a Written Coaching and Counseling Notice, which informed him that the "next infraction would result in termination of [his] employment." Defendant's CSMF ¶ 31.

On June 25, 2013, Burns called P.F. Chang's corporate Helpline indicating that he felt he was unfairly written up in retaliation for calling the home office regarding the previous issues he had regarding pay and promotion. Def. Appx., Ex. B, PFC000030; Defendant's CSMF ¶ 44. Burns made another call to the Helpline on July 10, 2013, and spoke with Adler regarding compensation and promotion. Def. Appx., Ex. B, PFC000032; Defendant's CSMF ¶¶ 48 & 49. Adler and Rohling investigated Burns' allegations and found that the write-ups were supported and that Burns' contentions regarding pay and promotion were unsubstantiated. Defendant's CSMF ¶ 50; Def. Appx., Ex. B, PFC000031.

On July 10, 2013, during the investigation of Burns' complaints, Burns told a female co-worker that, if she ever wanted to leave her boyfriend to find out how a "real man" could treat

her, she should give him a chance because "you know what they say about black men." Defendant's CSMF ¶ 33. Burns then asked her whether she thought he was handsome and informed her that, although he is married, he could still tell her that she was "good-looking" and had a "nice butt." Defendant's CSMF ¶ 34. These comments were overheard by a manager and were reported to P.F. Chang's management. Defendant's CSMF ¶ 35.

An investigation was conducted with regard to Burns' conduct, and witnesses confirmed that Burns often acted in a lewd and sexually suggestive manner while at work. Defendant's CSMF ¶¶ 36 & 37. P.F. Chng's determined that Burns had violated its Anti-Harassment Policy on several occasions and such conduct constituted grounds for termination. Defendant's CSMF ¶ 38. Burns was terminated on July 16, 2013.

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. To support denial of summary judgment, an issue of fact in dispute must be both genuine and material, *i.e.*, one upon which a reasonable fact finder could base a verdict for the non-moving party and one which is essential to establishing the claim. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Id*. The court's consideration of the facts must be in the light most favorable to the party opposing summary judgment and all reasonable inferences from the facts must be drawn in favor of that party as well. *Whiteland Woods, L.P. v. Township of West*

*Whiteland,* 193 F.3d 177, 180 (3d Cir. 1999), *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P 56(e). Further, the nonmoving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

**IV.    DISCUSSION**

Because of the evidentiary difficulties involved in proving discriminatory intent, the Court of Appeals for the Third Circuit has held that summary judgment motions in § 1981 cases are governed by the well-known burden shifting provisions laid down in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (the "McDonnell Douglas analysis"), and refined in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). *See Chauhan v. M. Alfieri Co.*, 897 F.2d 123, 126-127 (3d Cir. N.J. 1990); *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181-182 (3d Cir. 2009) (noting that "the substantive elements of a claim under Section 1981 are generally identical to the elements of an employment discrimination claim under Title VII"). In

analyzing Burns' Title VII[2] and § 1981 claims, therefore, we apply the burden-shifting framework established in *McDonnell Douglas*. In order to establish a claim under Title VII, Burns must first establish a *prima facie* case of discrimination. To do so he must offer sufficient evidence that he is: "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse employment action was made under circumstances that give rise to an inference of unlawful discrimination." *Rodriguez v. Nat'l R.R. Passenger Corp.*, 532 Fed. Appx. 152, 153 (3d Cir. 2013); *Oguejiofo v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, 2016 U.S. Dist. LEXIS 128525, 16-17 (D.N.J. Sept. 20, 2016).

Under the McDonnell Douglas analysis, once the employee establishes a *prima facie* case of discrimination, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employer's adverse employment decision. *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802. If the employer makes that showing, the burden of production shifts once again to the employee to establish that the employer's proffered justification for the adverse action is pretextual. *Tex. Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 254-255 (1981). Throughout this burden-shifting exercise, the burden of persuasion remains on the employee. *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1095 n.4 (3d Cir. 1995) (citing *Tex. Dep't of Comm. Affairs v. Burdine*, 450 U.S. at 253).

Burns contends that P.F. Chang's discriminated and/or retaliated against him as follows: (1) he was required to test for raises that similarly situated white cooks were not because of his

---

[2] There is no need to differentiate between Burns' Federal discrimination claims and PHRA claims because, for our purposes, the same analysis is used for each. *See, e.g., Simpson v. Kay Jewelers*, 142 F.3d at 643-644 & n.4; *Jones v. School District of Philadelphia*, 198 F.3d 303, 410-411 (3d Cir. 1999); *Fairfield Township Volunteer Fire Co. No. 1 v. Commonwealth*, 609 A.2d 804, 805 (Pa. 1992).

8

race; (2) he was paid less than similarly situated white cooks because of his race; (3) he was denied available work provided to white cooks because of his race and; (4) he was terminated as a result of his continuing complaints of race discrimination. In support of his claims, however, Burns fails to provide this Court with cognizable evidence sufficient to create material issues of fact concerning every element of his claim. Instead, Burns refers the Court to his Answers to Interrogatories in which he merely reiterates his conclusory allegations of discrimination. To establish a *prima facie* case at summary judgment, "the evidence must be sufficient to convince a reasonable factfinder to find all of the elements of [the] prima facie case." *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013) (quoting *Duffy v. Paper Magic Grp.*, 265 F.3d 163, 167 (3d Cir. 2001)).

With regard to Burns' first allegation, that he was required to test for raises that similarly situated white cooks were not, such allegation is not supported in the record. He relies only upon his own self-serving statement and the alleged hearsay comments by the other "white" cooks. Moreover, P.F. Chang's directs this Court to evidence that Burn's had not mastered his work station, was still in training and had to be counseled on P.F. Chang's standards and quality. Further, there is no evidence Burns was paid less than "similarly situated" white cooks.

Burns also contends that he was denied available work provided to white cooks. Burns, however, only points to one (1) incident, unsupported in the record, when he was available to take an absent cooks' shift, but the extra shift was given to a white cook. Work assignments, however, do not constitute adverse employment actions. *Oguejiofo v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, 2016 U.S. Dist. LEXIS 128525 at *18. An adverse employment action is one by an employer "that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Jones v. SEPTA*, 796 F.3d 323, 326 (3d Cir. 2015); *see also Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761-62 (1998) ("A tangible employment

action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with different responsibilities, or a decision causing a significant change in benefits . . . . A tangible employment action in most cases inflicts direct economic harm.").

Burns, therefore, has failed to establish a *prima facie* claim with respect to his first three (3) allegations of discrimination. Burns' final allegation is one of retaliation. To establish a *prima facie* case of retaliation, Burns must demonstrate that: (1) he engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse action. *See Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 286 (3d Cir. 2001); *Kachmar v. Sungard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir. 1999). A causal link between protected activity and adverse action may be inferred from an unusually suggestive temporal proximity between the two, an intervening pattern of antagonism following the protected conduct, or the proffered evidence examined as a whole. *Id*.

In this instance, Burns received Employee Coaching and Counseling Notice s both before and after his initial complaints to P.F. Chang's corporate Helpline on May 24, 2013. On May 4, 2013, Burns received performance notice for telling a manager, who was inquiring about a long check time, to get out of his face. Moreover, the complaints with regard to his sexual harassment were reported by several employees and in some instances corroborated by a manager or another employee. Moreover, P.F. Chang's investigation confirmed that Burns often acted in a lewd and sexually suggestive manner while at work. Burns fails to provide any evidence in support of his contention that the sexual harassment allegations resulted from his discrimination complaints. The Court finds, therefore, that Burns is unable to show a causal link between his protected activity and his ultimate termination.

Though Burns does not make a claim for hostile work environment, he alleges that derogatory remarks were made to him on at least two occasions. In one instance, Smith allegedly offered to transfer Burns to another P.F. Chang's where he would "fit in better with your kind." Burns also complained that another cook told Burns he would make him "chicken and watermelon tonight. . .," which Burns perceived as a racial slur. Burn's alleges that he told General Manager Eric Humphreys about the incidents, but P.F. Chang's did not discipline either employee.

To prove a hostile work environment claim, Burns must show, *inter alia*, that his workplace was "permeated with discriminatory intimidation, ridicule, and insult, sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002). Factors which may indicate a hostile work environment include: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993). "[O]ffhanded comments and isolated incidents (unless extremely serious) are not sufficient to sustain a hostile work environment claim. Rather, the conduct must be extreme to amount to a change in the terms and conditions of employment." *Caver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005). In assessing the severity of alleged discriminatory treatment, "we consider the totality of the circumstances," and our analysis "must concentrate not on individual incidents, but on the overall scenario." *Id.* at 262-263. The incidents described by Burns, which are not nsupported by the record, do not rise to the level necessary to sustain a hostile work environment claim.

Notwithstanding, Burns' failure to establish a *prima facie* case of discrimination or retaliation, this Court will proceed with the McDonnell Douglas analysis, and shift the burden of

production to P.F. Chang's to articulate a legitimate, nondiscriminatory reason for terminating Burns. *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997); *Simpson v. Kay Jewelers*, 142 F.3d at 644 n.5. This burden is "relatively light" and is satisfied if the employer provides evidence, which, if true, would permit a conclusion that it took the adverse employment action for a non-discriminatory reason. *Tomasso v. Boeing Co.*, 445 F.3d 702, 706 (3d Cir. 2006) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)); *see also Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012) (describing this step as a "minimal burden").

Here, P.F. Chang's has established multiple incidents of violations of its sexual harassment policy by Burns that resulted in his termination. The burden, therefore, shifts back to Burns to show that P.F. Chang's articulated reasons for his termination are merely a pretext for racial discrimination. An employee may demonstrate that his employer's legitimate nondiscriminatory reason is pretextual by submitting evidence that allows a factfinder to either 1) disbelieve or discredit the employer's justification; or 2) believe discrimination was more likely than not a "but for" cause of the adverse employment action. *Abels v. Dish Network Serv., LLC*, 507 F. App'x 179, 183 (3d Cir. 2012) (citing *Fuentes v. Perskie*, 32 F.3d at 764). *See also Gross v. FBL Fin. Servs.*, 557 U.S. 167, 177-178 (2009). Evidence undermining an employer's proffered legitimate reasons must be sufficient to "support an inference that the employer did not act for its stated reasons." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 731 (3d Cir. 1995).

In order to discredit P.F. Chang's proffered justification under the first prong of *Fuentes*, Burns must present evidence demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies (sic), or contradictions" in the proffered reasons "that a reasonable factfinder could rationally find them unworthy of credence," and ultimately infer that P.F. Chang's did not act for the asserted nondiscriminatory reasons. *Fuentes v. Perskie*, 32 F.3d at 765. If Burns' evidence

rebutting P.F. Chang's proffered reason permits a factfinder to conclude that such reason (or reasons) was either a "post hoc fabrication" or otherwise did not actually prompt the employment action, then summary judgment is inappropriate. *Fuentes v. Perskie*, 32 F.3d at 764.

Alternatively, Burns must show that age-based discrimination was a "but-for" cause of Pressley Ridge's decision to terminate him. To meet this burden, Burns "cannot simply show that [P.F. Chang's] decision was wrong or mistaken." *Fuentes v. Perskie*, 32 F.3d at 765. The question is whether P.F. Chang's was motivated by a discriminatory animus, not whether it was wise, shrewd, prudent, or competent. *See Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 531, 533 (3d Cir. 1992); *Villanueva v. Wellesley College*, 930 F.2d 124, 131 (1st Cir.), *cert. denied*, 502 U.S. 861 (1991). *See also Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 332 (3d Cir. 1995) ("[A]n employer may have any reason or no reason for discharging an employee so long as it is not a discriminatory reason.").

Burns contends that the complaints of sexual harassment made against him are *post hoc* fabrications. Burns asserts that he worked for P.F. Chang's for eleven (11) months without any incidents of sexual harassment, and the complaints did not begin until he complained to corporate about racial discrimination. Burns' conspiracy theory, however, has no support in the record. There were incidents of sexual harassment and innuendo made by three separate female employees which were corroborated by other managers and employees. Additionally, employees confirmed to P.F. Chang's management that Burns often acted in a lewd and sexually suggestive manner. Burns utterly fails to show that P.F. Chang's articulated reasons for his termination are merely a pretext for racial discrimination. Accordingly, the Court finds that Burns' racial discrimination and retaliation claims under Title VII, § 1981 and the PHRA fail as a matter of law.

## V. CONCLUSION

The Court finds that there are no material facts in dispute, Burns is unable to show that that P.F. Chang's violated his rights under the Title VII, § 1981 and the PHRA. Accordingly, P.F. Chang's motion for summary judgment shall be granted. An appropriate order will follow.

                                                    s/ DAVID STEWART CERCONE
                                                    David Stewart Cercone
                                                    United States District Judge

cc:    Erick M. Yurkovich, Esquire
        Douglas G. Smith, Esquire
        Marla N. Presley, Esquire
        Joanna M. Rodriguez, Esquire

        (*Via CM/ECF Electronic Mail*)